DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce and ordered spousal support and the division of marital property. For the following reasons, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR #1:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER A SPECIFIC COMMENCEMENT DATE FOR APPELLANT'S SPOUSAL SUPPORT AWARD, BOTH ORIGINALLY, AND
 WHEN IT MADE NO RESPONSE TO APPELLANT'S CIVIL RULE 52 REQUEST.
"ASSIGNMENT OF ERROR #2
 "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO SPECIFY/CLARIFY APPELLANT'S RIGHTS TO HER FAIR MARITAL SHARE OF APPELLEE'S `PERS' BENEFITS."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1968 and had three children, all of whom were emancipated at the time this action was commenced. In December 1996, appellant initiated a legal separation action, and on July 22, 1997, she filed an amended complaint for divorce. At a hearing held on January 13, 1998, grounds were heard and read into the record, and on April 23, 1998, final hearing was held. At the hearing, the parties entered into certain stipulations as to spousal support and the division of appellee's Public Employees Retirement System ("PERS") account. These stipulations were journalized on April 29, 1998. On December 9, 1998, the trial court filed its decision, and on March 16, 1999, the final judgment entry of divorce was filed.
In her first assignment of error, appellant asserts that the trial court erred by failing to include in the final judgment entry the date upon which appellee was to begin paying spousal support. Appellant cites Loc.R. 13 of the Court of Common Pleas of Lucas County, Domestic Relations Division, which states:
"13.02 Child Support and Spousal Support
 "(A) All judgment entries related to child support or spousal support shall contain the following information:
"* * *
 "(5) The effective date of the establishment or modification of support * * *."
Upon review of the final judgment entry of divorce, we find that appellant is correct in her assertion that the trial court failed to specify a date upon which the spousal support would begin. We note, however, that paragraph (C) of the rule cited above states that "[a]ll orders for support shall, if no date is stated, commence on the first Friday after the file-stamp date of the order." In this case, that date was Friday, March 19, 1999. On consideration of the foregoing, this court finds that the trial court did not commit prejudicial error by failing to include a date for the commencement of spousal support in the final judgment entry of divorce. This argument is without merit.
Appellant further asserts in this assignment of error that the trial court failed to respond to her March 24, 1999 request pursuant to Civ.R. 52 for a finding of fact and conclusion of law as to the effective date for spousal support. Upon examination of the record in this case, this court finds that on March 31, 1999, the trial court issued a judgment entry denying appellant's request as untimely filed. This claim is without merit.
On consideration of the foregoing, this court finds appellant's first assignment of error not well-taken.
In her second assignment of error, appellant asserts that the trial court "failed to specify/clarify" her rights to a fair marital share of appellee's PERS benefits. Appellant appears to argue that she is entitled to either a lifetime award of spousal support or a more "fair share" of appellee's pension benefits.
Pension or retirement benefits accumulated during a marriage are subject to property division in a divorce proceeding. Erb v.Erb (1996), 75 Ohio St.3d 18, 20. R.C. 3105.171 (B) requires the trial court to equitably divide and distribute the marital property after granting a divorce. The trial court is vested with broad discretion in fashioning an equitable division of property.Berish v. Berish (1982), 69 Ohio St.2d 318. This court may not reverse the trial court's determination as to matters involving the division of marital property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry
(1981), 66 Ohio St.2d 348; Berish, supra. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1984), 5 Ohio St.3d 217, 219. In its consideration, the reviewing court should not substitute its judgment for that of the trial court. Buckles v.Buckles (1988), 46 Ohio App.3d 102, 110. The Supreme Court of Ohio has held that "the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Cherry, supra, at paragraph two of the syllabus.
We note that appellant does not set forth exactly how the division of property in the form of appellee's PERS benefits is inequitable. The record shows that the parties entered into several stipulations as to the PERS benefits on January 13, 1998. Those stipulations, as incorporated into the final judgment entry of divorce, stated as follows: 1) appellee was to elect the "Plan C" option under his PERS plan for payment of his retirement benefits as soon as permitted by PERS; 2) appellee was to designate appellant as the survivor/beneficiary of his PERS plan, under which appellant would receive $94,777 in benefits if appellee were to die before retiring and 3) appellant receives spousal support of $1,300 per month until she dies or remarries, appellee dies (when appellant would receive the $94,777 in death/survivor benefits), or appellee retires and begins to receive his PERS benefits. The details of the stipulations were discussed at the final hearing on April 23, 1998. At that time, appellee's counsel reviewed the details and then asked appellant's counsel if he had missed anything; appellant's counsel responded that he had not. Appellant did not object to any of the details set forth for payment of spousal support or PERS benefits as they were discussed during the final hearing.
Based on the foregoing, this court finds that appellant has not shown how the trial court's order as to the PERS benefits is inequitable. We therefore find that the trial court's order as to spousal support and the allocation of the PERS benefits did not constitute an abuse of discretion. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Richard W. Knepper, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.